**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                      *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAIHAN HABIB,** | : | **Civil Action No.** |
| 207 Cadence Court | : | |
| Collegeville, PA 19426 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **AQUASCAPE DESIGNS, INC.,** | : | |
| 901 Aqualand Way | : | |
| St. Charles, IL 60174 | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Raihan Habib (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Aquascape Designs, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Aquascape Designs, Inc. is a designer and installer of residential and commercial water features and ponds with a location and corporate

headquarters at 901 Aqualand Way, St. Charles, IL 60174.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment; in making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer; in so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about November 16, 2023, alleging race, religion and national origin discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2024-01366 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 6, 2024.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of violations of Title VII contained within this Complaint.

19. Plaintiff's administrative remedies as to the claims of violations of the PHRA shall be exhausted as of November 16, 2024; one-year after filing his charge of discrimination

3

relevant to this matter.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff's national origin is Bangladeshi.

22. Plaintiff's race is not Caucasian.

23. Plaintiff is Muslim.

24. On or about September 3, 2023, Defendant hired Plaintiff in the position of Regional Sales Manager in the Northeast.

25. Plaintiff was well qualified for his position and performed well.

26. In fact, Plaintiff left a 10-year tenure in a similar role at another company to accept his job offer with Defendant.

27. Defendant's management is primarily Caucasian, non-Bangladeshi, and non-Muslim.

28. During the first two (2) weeks of his employment, Plaintiff trained at Defendant's headquarters.

29. Around the first week, both Michael Hammer (Caucasian, non-Muslim), Vice President, and Ty Adams (Caucasian, non-Muslim), Director of Marketing, told Plaintiff that Greg Wittstock (Caucasian, non-Muslim), Owner, was going to ask Plaintiff "personal questions" and to "just roll with it," or words to that effect.

30. On or about September 18, 2023, Plaintiff had an initial meeting with Wittstock.

31. During this meeting, Wittstock asked Plaintiff numerous personal questions which were discriminatory and invasive in nature.

32. By way of example and not limitation, Wittstock asked Plaintiff, "How is your name pronounced?", "What are you?", Where are you from?", "What religion are you?", and "Where is your family from?", or words to that effect, among other related questions.

33. Despite being extremely uncomfortable given the discriminatory and insensitive nature of such questions, Plaintiff answered them.

34. Plaintiff did not report the discrimination from Wittstock to Human Resources, out of fear of retaliation.

35. Specifically, by way of example and not limitation, Plaintiff, as a new employee, feared he would be starting his role off on a bad note and end up on Wittstock's bad side if he complained about the Owner based on one of his first interactions with high-level representatives of Defendant.

36. In or around the end of September 2023, during the first two weeks of Plaintiff's employment, Plaintiff participated in the field training in South Carolina and Iowa.

37. Defendant did not have a structured itinerary and did not communicate any goals to Plaintiff for Plaintiff's training program.

38. Defendant did not provide a clear job description for Plaintiff's employment.

39. Upon information and belief, Defendant did not have a clear or defined job description for Plaintiff's role when Plaintiff initiated employment and during Plaintiff's employment.

40. Despite the lack of guidance and clear expectations, Plaintiff performed well.

41. Plaintiff believes this since Defendant did not communicate any negative comments to Plaintiff about his performance or provide critical feedback which Plaintiff could reasonably be expected to consider a negative response to his work performance.

42. Nonetheless, on or about October 4, 2023, just a month into his employment with Defendant, Hammer called Plaintiff and terminated him without warning.

43. The alleged reason for Plaintiff's termination was that he was "not a good fit" for Defendant, or words to that effect.

44. Upon information and belief, Hammer had a prior history of making racist remarks towards non-Caucasian employees.

45. Similarly situated individuals outside of Plaintiff's protected classes were not terminated under similar circumstances.

46. Upon information and belief, the alleged reason of being "not a good fit" was a cover for discriminatory treatment based on Plaintiff's race, national origin, and/or religion.

47. Upon information and belief, others in the same or substantially similar job positions as Plaintiff who were not Bangladeshi were not terminated by Defendant for not being a good fit without prior negative feedback about performance.

48. Upon information and belief, others in the same or substantially similar job positions as Plaintiff who were not Muslim were not terminated by Defendant for not being a good fit without prior negative feedback about performance.

49. Upon information and belief, others in the same or substantially similar job positions as Plaintiff who were Caucasian were not terminated by Defendant for not being a good fit without prior negative feedback about performance.

50. Instead, "not a good fit" was Defendant's attempt, upon information and belief, to hide behind claims of at-will employment and were pretext for the illegitimate and discriminatory basis for Plaintiff's termination.

51. It is Plaintiff's position that Defendant discriminated against him due to his race, national origin and/or religion in violation of Title VII and the PHRA.

52. Upon information and belief, Defendant's actions and/or omissions were willful or conducted with reckless disregard to Plaintiff's Federally protected rights under Title VII.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a member of protected class in that he is Asian and not Caucasian.

55. Plaintiff was qualified to perform the job for which he was hired.

56. Plaintiff suffered adverse job actions, including, but not limited to termination.

57. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

58. Defendant treated Plaintiff in a disparate manner than his Caucasian peers.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. Defendant discriminated against Plaintiff on the basis of race.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant's actions and/or omissions were of a nature which was willful or done with reckless disregard for Plaintiff's statutorily protected rights.

64. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected class in that he is Asian and not Caucasian.

67. Plaintiff was qualified to perform the job for which he was hired.

68. Plaintiff suffered adverse job actions, including, but not limited to termination.

69. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

70. Defendant treated Plaintiff in a disparate manner than his Caucasian peers.

71. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

72. Defendant discriminated against Plaintiff on the basis of race.

73. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

74. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

75. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – NATIONAL ORIGIN DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff is a member of protected class in that his national origin is Bangladeshi.

78. Plaintiff was qualified to perform the job for which he was hired.

79. Plaintiff suffered adverse job actions, including, but not limited to termination.

80. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

81. Defendant treated Plaintiff in a disparate manner than his non-Bangladeshi peers.

82. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

83. Defendant discriminated against Plaintiff on the basis of national origin.

84. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

85. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

86. Defendant's actions and/or omissions were of a nature which was willful or done with reckless disregard for Plaintiff's statutorily protected rights.

87. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV –NATIONAL ORIGIN DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a member of protected class in that his national origin is Bangladeshi.

90. Plaintiff was qualified to perform the job for which he was hired.

91. Plaintiff suffered adverse job actions, including, but not limited to termination.

92. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

93. Defendant treated Plaintiff in a disparate manner than his non-Bangladeshi peers.

94. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

95. Defendant discriminated against Plaintiff on the basis of national origin.

96. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

97. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

98. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RELIGIOUS DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff is a member of protected class in that he is Muslim.

101. Plaintiff was qualified to perform the job for which he was hired.

102. Plaintiff suffered adverse job actions, including, but not limited to termination.

103. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

104. Defendant treated Plaintiff in a disparate manner than his non-Muslim peers.

105. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

106. Defendant discriminated against Plaintiff on the basis of religion.

107. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

108. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

109. Defendant's actions and/or omissions were of a nature which was willful or done with reckless disregard for Plaintiff's statutorily protected rights.

110. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – RELIGIOUS DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

111. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

112. Plaintiff is a member of protected class in that he is Asian and not Caucasian.

113. Plaintiff was qualified to perform the job for which he was hired.

114. Plaintiff suffered adverse job actions, including, but not limited to termination.

115. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

116. Defendant treated Plaintiff in a disparate manner than his Caucasian peers.

117. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

118. Defendant discriminated against Plaintiff on the basis of race.

119. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

120. The reasons cited by Defendant for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

121. Defendant's actions and/or omissions were of a nature which was willful or done with reckless disregard for Plaintiff's statutorily protected rights.

122. As a result of Defendant's actions and/or omissions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Raihan Habib, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(i) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: June 4, 2024      **By:**     */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

13