IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAIHAN HABIB,** | : | |
| Plaintiff, | : | CASE NO. 2:24-cv-02417 (JS) |
| v. | : | |
| **AQUASCAPE DESIGNS, INC.,** | : | |
| Defendant. | : | |

### DEFENDANT AQUASCAPE DESIGNS, INC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Now comes Defendant Aquascape Designs, Inc., ("Aquascape"), by and through its attorneys, White and Williams LLP, and for its Answer and Affirmative Defenses to Plaintiff Raihan Habib's Complaint, states as follows:

### CIVIL ACTION

Aquascape states that the allegations in the introductory paragraph consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

### THE PARTIES

1. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

2. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in the above paragraph, and therefore denies the same.

3. Aquascape admits the allegations in the above paragraph.

4. Aquascape admits it employed managers, supervisors, agents, and employees during and throughout Plaintiff's employment. Aquascape also admits that certain managers and supervisors possessed the authority to make decisions concerning Plaintiff's employment. Aquascape denies that such individuals engaged in the pattern and practice of discriminatory treatment. Aquascape denies any remaining allegations that are not specifically admitted to in Paragraph 4 of Plaintiff's Complaint.

5. Aquascape admits it employed managers, supervisors, agents, and employees during and throughout Plaintiff's employment. Aquascape also admits that certain managers and supervisors can act in the interest of Aquascape. Aquascape denies that these individuals engaged in the pattern and practice of discriminatory treatment. Aquascape denies any remaining allegations that are not specifically admitted to in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

7. Aquascape admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Aquascape admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Aquascape admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Aquascape states that the allegations in Paragraph 10 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them, except it admits only, on information and belief, that Plaintiff is domiciled in this judicial district. Aquascape further answers that it has filed a Motion to Transfer Venue to the Northern District of Illinois pursuant to 28 U.S.C. §1404.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

12. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

## MATERIAL FACTS

20. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

21. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Aquascape admits the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Aquascape admits Plaintiff was qualified for his position. Aquascape denies the remaining allegations that are not specifically admitted to in Paragraph 25 of Plaintiff's Complaint.

26. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. Aquascape admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Aquascape admits the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Admitted in part; denied in part. Aquascape admits only that Plaintiff was told that Greg Wittstock would ask him personal questions in order to get to know him better as Wittstock does with virtually everyone he meets. Aquascape denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30. Aquascape admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Aquascape denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Admitted in part; denied in part. Aquascape admits only that Wittstock inquired about the pronunciation of Plaintiff's name and where is he from amongst other personal questions in order to get to know Plaintiff a little better. Aquascape denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33. Aquascape is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34. Admitted in part; denied in part. Aquascape admits only that Plaintiff never reported any complaints or issues or problems related to his alleged race, religion or national origin or anything related to alleged or purported harassment or discrimination. Aquascape denies the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35. Aquascape denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Aquascape admits the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Aquascape denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Aquascape denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Aquascape denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Aquascape denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Aquascape denies the allegations Paragraph 41 of Plaintiff's Complaint.

42. Admitted in part; denied in part. Aquascape admits only that Plaintiff was terminated on or about October 4, 2023, without prior written warning. Aquascape denies any remaining allegations that are not specifically admitted to in Paragraph 42 of Plaintiff's Complaint.

43. Aquascape denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Aquascape denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Aquascape denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Aquascape denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Aquascape denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Aquascape denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Aquascape denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Aquascape denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Aquascape states that the allegations in Paragraph 51 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

52. Aquascape states that the allegations in Paragraph 52 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

54. Aquascape states that the allegations in Paragraph 54 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

55. Aquascape admits the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 56 of Plaintiff's Complaint.

57. Aquascape denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Aquascape states that the allegations in Paragraph 58 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

59. Aquascape states that the allegations in Paragraph 59 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

60. Aquascape denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Aquascape denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62. Aquascape states that the allegations in Paragraph 62 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

63. Aquascape denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Aquascape denies the allegations in Paragraph 64 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

65. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

66. Aquascape states that the allegations in Paragraph 66 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

67. Aquascape admits the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69. Aquascape denies the allegations Paragraph 69 of Plaintiff's Complaint.

70. Aquascape states that the allegations in Paragraph 70 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

71. Aquascape states that the allegations in Paragraph 71 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the

extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

72. Aquascape denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Aquascape denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Aquascape states that the allegations in Paragraph 74 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

75. Aquascape denies the allegations in Paragraph 75 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

### COUNT III – NATIONAL ORIGIN DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

76. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

77. Aquascape states that the allegations Paragraph 77 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

78. Aquascape admits the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 79 of Plaintiff's Complaint.

80. Aquascape denies the allegations in Paragraph 80 of Plaintiff's Complaint.

-9-

33870791v.1

81. Aquascape states that the allegations in Paragraph 81 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

82. Aquascape states that the allegations in Paragraph 82 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

83. Aquascape denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84. Aquascape denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85. Aquascape states that the allegations in Paragraph 85 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

86. Aquascape denies the allegations in Paragraph 86 of Plaintiff's Complaint.

87. Aquascape denies the allegations in Paragraph 87 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

### COUNT IV – NATIONAL ORIGIN DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

88. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

89. Aquascape states that the allegations in Paragraph 89 consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them

90. Aquascape admits the allegations in Paragraph 90 of Plaintiff's Complaint.

91. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 91 of Plaintiff's Complaint.

92. Aquascape denies the allegations in Paragraph 92 of Plaintiff's Complaint.

93. Aquascape states that the allegations in Paragraph 93 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

94. Aquascape states that the allegations in Paragraph 94 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

95. Aquascape denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96. Aquascape denies the allegations in Paragraph 96 of Plaintiff's Complaint.

97. Aquascape states that the allegations in Paragraph 97 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

98. Aquascape denies the allegations in Paragraph 98 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

## COUNT V – RELIGIOUS DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

100. Aquascape states that the allegations in Paragraph 100 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

101. Aquascape admits the allegations Paragraph 101 of Plaintiff's Complaint.

102. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 102 of Plaintiff's Complaint.

103. Aquascape denies the allegations in Paragraph 103 of Plaintiff's Complaint.

104. Aquascape states that the allegations Paragraph 104 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

105. Aquascape states that the allegations in Paragraph 105 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

106. Aquascape denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107. Aquascape denies the allegations in Paragraph 107 of Plaintiff's Complaint.

108. Aquascape states that the allegations in Paragraph 108 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

109. Aquascape denies the allegations Paragraph 109 of Plaintiff's Complaint.

110. Aquascape denies the allegations in Paragraph 110 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

## COUNT VI – RELIGIOUS DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

111. Aquascape incorporates its answers to the preceding paragraphs as if set forth more fully at length herein.

112. Aquascape states that the allegations in Paragraph 112 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

113. Aquascape admits the allegations in Paragraph 113 of Plaintiff's Complaint.

114. Admitted in part; denied in part. Aquascape admits only that Plaintiff was involuntarily terminated for lawful and legitimate business reasons, but denies the remaining allegations in Paragraph 114 of Plaintiff's Complaint.

115. Aquascape denies the allegations in Paragraph 115 of Plaintiff's Complaint.

116. Aquascape states that the allegations in Paragraph 116 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the

extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

117. Aquascape states that the allegations in Paragraph 117 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

118. Aquascape denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119. Aquascape denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120. Aquascape states that the allegations in Paragraph 120 of Plaintiff's Complaint consist of legal conclusions, not allegations of fact requiring an admission or denial. To the extent this paragraph is deemed to include allegations of fact requiring an admission or denial, Aquascape denies them.

121. Aquascape denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122. Aquascape denies the allegations in Paragraph 122 of Plaintiff's Complaint.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

## **PRAYER FOR RELIEF**

Aquascape denies that Plaintiff is entitled to any relief, and respectfully requests that this Court dismiss Plaintiff's Complaint and award Aquascape its costs and reasonable attorneys' fees and any other relief that is just and equitable, as this Court deems appropriate.

-15-

**AFFIRMATIVE DEFENSES**

Now comes Defendant Aquascape Designs, Inc., ("Aquascape"), by and through its attorneys, White and Williams LLP and for its Affirmative Defenses to the Plaintiffs' Complaint, states as follows:

1. Any actions taken by Aquascape which may have affected Plaintiff were undertaken in good faith, without malice or recklessness and were within the execution of the duties imposed on them by applicable law.

2. Plaintiff's Complaint is barred because it fails in whole or in part to state a claim upon which relief can be granted.

3. Aquascape states that to the extent Plaintiff is asserting claims which occurred outside the applicable statute of limitations period, such claims are time-barred.

4. Aquascape states that all decisions made with respect to Plaintiff were lawful and based entirely on legitimate non-discriminatory reasons.

5. Plaintiff has failed to mitigate his damages, if any.

6. The Plaintiff's claims are barred by his unclean hands.

7. Plaintiff's damages, if any, were directly and proximately caused by his own conduct and actions, and through no fault of any conduct or action by Aquascape.

8. Aquascape exercised reasonable care to prevent and correct promptly any discriminatory conduct and harassment, and Plaintiff unreasonably failed to take advantage of Aquascape's preventive or corrective measures, or to otherwise avoid harm.

9. Aquascape reserves the right to assert such additional affirmative defenses that may become available or apparent, and hereby reserves its right to amend its' Answer to assert such additional affirmative defenses or claims.

-16-

**WHEREFORE,** Defendant Aquascape respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, and award Aquascape its costs and reasonable attorneys' fees and any other relief that is just and equitable, as this Court deems appropriate.

<u>Dated</u>: October 21, 2024

                                                Respectfully submitted,

                                                **WHITE AND WILLIAMS LLP**

BY:   /s/ *Tanya A. Salgado*
         Tanya A. Salgado, Esquire
         Attorneys for Defendant
         Aquascape Designs, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAIHAN HABIB,** : | |
| : | CASE NO. 2:24-cv-02417 (JS) |
| **Plaintiff,** : | |
| v. : | |
| **AQUASCAPE DESIGNS, INC.,** : | |
| **Defendant.** : | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed using the Court's electronic filing system which will serve all Parties of record. Parties may access this filing through the Court's system.

David M Koller<br>
Jordan D. Santo<br>
2043 Locust Street, Suite 1B<br>
Philadelphia, PA 19103<br>
215-545-8917<br>
davidk@kollerlawfirm.com<br>
jordans@kollerlawfirm.com<br>
<i>Counsel for Plaintiff</i>

**WHITE AND WILLIAMS LLP**

BY: /s/ *Tanya A. Salgado*
Tanya A. Salgado, Esquire
Attorneys for Defendant
Aquascape Designs, Inc.

33870791v.1